UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 2, 2013

LETTER TO COUNSEL:

    RE:    *Brian E. Thomas v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-3683

Dear Counsel:

    On December 21, 2011, the Plaintiff, Brian E. Thomas, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Thomas filed his claim on September 18, 2009, alleging disability beginning on June 27, 2009. (Tr. 114-17). His claim was denied initially on April 15, 2010, and on reconsideration on September 21, 2010. (Tr. 57-60, 66-67). A hearing was held on May 19, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 19-35). Following the hearing, on June 9, 2011, the ALJ determined that Mr. Thomas was not disabled during the relevant time frame. (Tr. 4-8). The Appeals Council denied Mr. Thomas's request for review (Tr. 13-15), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Mr. Thomas suffered from the severe impairments of an amputated left arm, borderline intellectual functioning, depression, and anxiety. (Tr. 4). Despite these impairments, the ALJ determined that Mr. Thomas retained the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to jobs that can be performed with one hand and is limited to simple, unskilled work.

(Tr. 6). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Thomas could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 8).

*Brian E. Thomas v. Commissioner, Social Security Administration*
Civil No. SAG-11-3683
January 2, 2013
Page 2

      Although his brief is not a model of clarity, I discern that Mr. Thomas essentially presents three arguments on appeal: (1) that the VE listed jobs that could be performed as sedentary work, and that a limitation to sedentary work would render Mr. Thomas disabled; (2) that the ALJ erred in concluding that Mr. Thomas's mental condition had improved since a neuropsychology examination in 2008; and (3) that the agency disregarded a field office employee's statement that Mr. Thomas had difficulties in filing his application. Each argument lacks merit.

      First, Mr. Thomas argues that the ALJ erroneously relied on the VE testimony, where, Mr. Thomas posits, the VE's testimony conflicted with the Directory of Occupational Titles ("DOT"). An ALJ's use of a VE's testimony is governed by Social Security Ruling 00-4p. SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). That ruling provides that, in the instance of an apparent unresolved conflict between VE evidence and the DOT, the ALJ "must elicit a reasonable explanation for the conflict." *Id.* One example of such an apparent conflict, according to SSR 00-4p, arises where the DOT lists the maximum requirements of an occupation, but the VE might testify about "the range of requirements of a particular job as it is performed in specific settings. *Id.* at *3. SSR 00-4p notes that the VE "may be able to provide more specific information about jobs or occupations than the DOT." *Id.*

      That precise scenario occurred in this case. The VE identified jobs, specifically "information clerk" and "security clerk," that are susceptible to being performed at different exertional levels. (Tr. 30-31). The VE testified, that, with respect to the hypothetical presented in Mr. Thomas's case, the jobs she proposed were to be performed at the "light" exertional level, and that she limited the numbers of jobs accordingly. *Id.* The VE described the precise types of exertions (specifically a sit/stand option) that qualify the position as "light" rather than "sedentary." *Id.* In accordance with the ALJ's specific instructions, the VE expressly identified any differences between her testimony and the contents of the DOT. (Tr. 29-31). The ALJ concluded that Mr. Thomas was capable of performing the jobs at the light exertional level. Accordingly, I find no basis for remand.

      Mr. Thomas's second argument is that the ALJ erroneously found improvement since his neuropsychological examination in 2008. Pl. Mot. 10. However, "improvement" is not one of the ALJ's specific or required findings. Instead, the ALJ determined an RFC for Mr. Thomas based upon the ALJ's assessment of Mr. Thomas's mental condition. In determining the RFC, the ALJ cited both the neuropsychological evaluation from 2008 and the results of a consultative psychiatric evaluation in 2010. (Tr. 6-7). The 2010 evaluation, by Dr. Taller, reflected that Mr. Thomas reported average concentration and memory, and the ALJ was entitled to rely on that report. (Tr. 256). The ALJ is not restricted solely to consideration of objective testing results, but may and should consider all evidence of record. He did so in this case.

Finally, Mr. Thomas contends that the ALJ did not consider the difficulties Mr. Thomas had in filing his application.[1] The application processor noted problems with Mr. Thomas's understanding, coherency, concentrating, talking, and answering. (Tr. 126). However, when asked to describe the degree of limitations, the processor stated, "Claimant was unable to file his application over the phone. He couldn't seem to remember dates of hospital visits or hospitals and doctors he had seen." (Tr. 127). The seriousness of the problem is impossible to ascertain from the processor's comment. An inability to remember dates of medical visits would not distinguish Mr. Thomas from many other people. The ALJ's sole responsibility was to consider the application processor's comment, not to discuss the comment in his opinion. The processor's statement was part of the List of Exhibits attached to the ALJ's decision. Given the equivocal nature of the comment, I cannot find that the ALJ either failed to consider it or would have reached a different result had it been considered.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 17) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] Mr. Thomas argues, more specifically, that no "adjudicator at any level of the agency" considered his difficulties. However, my review is of the final decision of the agency, not the steps at every intervening level.